# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ADOLPH & CERESIA PRODUCE CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-2334 CAS |
| ) | |
| PELLIGRINI PRODUCE, LLC, et al.., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Adolph & Ceresia Produce Co., Inc.'s two motions for default judgment. The Court will deny the first motion as moot (Doc. 18), as it has been replaced by the later-filed motion (Doc. 23). For the following reasons, the Court requires additional information from plaintiff before it can rule on the remaining motion for default judgment.

Plaintiff's Complaint includes a demand for prejudgment interest at an unspecified rate. Plaintiff's motion for default judgment, however, does not mention prejudgment interest. The contract attached to the Complaint contains a provision for interest charges at the rate of 1.5% per month in the event of default by the buyer. Under Missouri law, prejudgment interest of nine percent per annum should be awarded where no other rate is agreed upon, if the amount owed is liquidated or readily ascertainable and a demand for payment has been made. Mo. Rev. Stat. § 408.020 (2000).

In Missouri, "Awards of prejudgment interest are not discretionary; if the statute applies, the court must award prejudgment interest." Children Int'l v. Ammon Painting Co., 215 S.W.3d 194, 202 (Mo. Ct. App. 2006). In addition, statutory prejudgment interest may be included in plaintiff's

PACA claim "because a PACA claim properly includes the produce and all sums owing in connection with the transaction." H.R. Bushman & Son, Corp. v. Spud Packers, Inc., 2008 WL 723707, at *5 (E.D. Mo. Mar. 14, 2008) (citing Middle Mountain Land and Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1222-23 (9th Cir. 2002)).

Plaintiff will be ordered to file a supplemental memorandum in support of its motion for default judgment that shall state whether plaintiff seeks prejudgment interest as prayed for in its Complaint, or waives its right thereto. If plaintiff seeks prejudgment interest, it shall state the applicable rate of interest, the date prejudgment interest began to accrue, and the basis for its determination of the accrual date.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Default Judgment Against Defendants Pelligrini Produce, LLC, Malik Fazio and Raymond Heath is **DENIED as moot**, as a second motion for default judgment against these parties was filed. [Doc. 18]

**IT IS FURTHER ORDERED** that plaintiff shall file a supplemental memorandum in support of its motion for default judgment, as stated above, by **February 24, 2014**. Plaintiff's failure to respond timely to this order will result in the waiver of its claim to prejudgment interest.

                                                                                                                **CHARLES A. SHAW**
                                                                                                                **UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of February, 2014.