UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ADOLPH & CERESIA PRODUCE CO., INC.   )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      No. 4:12-CV-2334 CAS
                                      )
PELLIGRINI PRODUCE, LLC, et al.,      )
                                      )
            Defendants.               )

## MEMORANDUM AND ORDER

Plaintiff Adolph & Ceresia Produce Co., Inc. ("plaintiff") filed this action under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499 et seq. (Count I), and also asserted state law claims (Counts II-V) over which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The defendants are Pelligrini Produce, LLC, Malik Fazio, Raymond Heath, and Curtis, Heinz, Garrett & O'Keefe, P.C. Plaintiff dismissed all of its claims against defendant Curtis, Heinz, Garrett & O'Keefe, P.C. with prejudice on March 1, 2013.[1] This matter is before the Court on plaintiff's motion for entry of default judgment against defendants Pelligrini Produce, LLC, Malik Fazio and Raymond Heath. For the following reasons, the motion will be granted.

Defendants Pelligrini Produce, LLC and Malik Fazio were served with summons and complaint on January 9, 2013 and defendant Raymond Heath was served on December 27, 2012. None of these defendants filed a responsive pleading and a Clerk's Entry of Default was issued as to these defendants on May 10, 2013.

---

[1] See Order Granting Plaintiff's Motion to Dismiss Claims against Defendant Curtis, Heinz, Garrett & O'Keefe, P.C. [Doc. 17] As a result, Count V of the Complaint, which sought relief only from defendant Curtis, Heinz, Garrett & O'Keefe, P.C., was dismissed on March 1, 2013.

Plaintiff's motion for judgment by default is accompanied by the Affidavit of attorney Larry A. Bagsby, and a Supplemental Memorandum Regarding Prejudgment Interest. Based upon plaintiff's Complaint and the Bagsby Affidavit, the Court finds the following: Plaintiff Adolph & Ceresia Produce Co., Inc. ("plaintiff") is a Missouri corporation that has been engaged in the business of interstate sales, storage and trade of perishable food products since 1952. Defendant Pelligrini Produce, LLC ("Pelligrini") is a Missouri corporation engaged in the purchase and resale of perishable food products. Defendant Malik Fazio is the president and owner of Pelligrini, and defendant Raymond Heath is the manager and operator of Pelligrini.

On March 22, 2011, Pelligrini entered into a contract for the purchase of perishable food products pursuant to PACA. The contract provides in part:

> 2. Buyer agrees to all terms stated on each invoice and acknowledges that each invoice will serve as a written contract between Adolph & Ceresia Produce Co., Inc. and all D/B/A's or abbreviated names operating under buyers corporate/company legal name.
>
> 3. Buyer acknowledges that all goods sold are subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).
>
> 4. It is agreed should the buyer default in payment, buyer shall pay any and all attorney fees and interest charges of 1.5 percent per month, or at the highest rate permitted by law in addition to all court cost incurred by Adolph & Ceresia Produce Co., Inc. in the event that legal action is taken to collect any past due dollar amounts.

Contract, Ex. 1 to Complaint.

Between November 20, 2012 and December 10, 2012, plaintiff provided wholesale perishable food products to Pelligrini. Each invoice of items supplied to Pelligrini contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim

> over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Complaint at 2. Pursuant to PACA, plaintiff retained a statutory lien over its products, and a lien existed over the proceeds/funds received from the sale of plaintiff's products, superior to all creditors and lien holders of Pelligrini.

Between November 20, 2012 and December 10, 2012, plaintiff provided perishable food products to Pelligrini in the total amount of $10,201.80. Plaintiff has made demand for payments for the sale of its goods without avail.

Plaintiff was at all times relevant herein a qualified "commissioned merchant" and "dealer" as defined under PACA, 7 U.S.C. § 499a(5) and (6). Plaintiff had at all times relevant herein a superior, perfected trust lien over funds received by all of these defendants from the sale of plaintiff's perishable goods, pursuant to 7 U.S.C. § 499e.

Defendants Pelligrini, Fazio and Heath were at all times relevant herein qualified "brokers" and "responsibly connected" agents as defined under PACA, 7 U.S.C. § 499a(7) and (9). These three defendants, jointly and severally, have violated PACA by retaining the funds derived from the sale of plaintiff's goods. "Those who are in a position of control over PACA trust assets and who breach their fiduciary duties to preserve those assets may be held personally liable under PACA." H.R. Bushman & Son, Corp. v. Spud Packers, Inc., 2008 WL 723707, at *4 (E.D. Mo. Mar. 14, 2008) (citing Weis-Buy Servs., Inc. v. Paglia, 411 F.3d 415, 421 (3d Cir. 2005), and Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997)). Defendants Fazio and Heath are therefore personally liable for the full amount that Pelligrini owes to plaintiff.

PACA does not explicitly provide for an award of attorney fees under the circumstances of this case. See 7 U.S.C. § 499e. Plaintiff's claim for attorney fees is based upon contractual terms

contained in the contract. Under Missouri law, "If a contract provides for the payment of attorneys' fees and expenses incurred in the enforcement of a contract provision, the trial court must comply with the terms of the contract and award them to the prevailing party." Clean Uniform Co. St. Louis v. Magic Touch Cleaning, Inc., 300 S.W.3d 602, 612 (Mo. Ct. App. 2009) (citing Sheppard v. East, 192 S.W.3d 518, 523 (Mo. Ct. App. 2006)). Under Missouri law, reasonableness is an implied term in every contract for attorney's fees. Missouri ex rel. Chase Resorts, Inc. v. Campbell, 913 S.W.2d 832, 835 (Mo. Ct. App. 1996). .

The Eighth Circuit Court of Appeals has not yet addressed whether a contractual claim for attorneys' fees is recoverable as part of a PACA trust claim. Wescott Agri-Products, Inc. v. Sterling State Bank, Inc., 682 F.3d 1091, 1093 n.3 (8th Cir. 2012). Other circuits have held, however, "that where the parties' contracts include a right to attorneys' fees, they can be awarded as 'sums owing in connection with' perishable commodities transactions under PACA." Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 709 (2d Cir.2007) (quoting 7 U.S.C. § 499e(c)(2) and listing cases); accord Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632-33 (11th Cir. 2004) (per curiam). The Court will award plaintiff its attorneys' fees pursuant to the contract, and finds that the attorneys' fees incurred in the amount of $1,200 were reasonable. See Campbell v. Kelley, 719 S.W.2d 769, 772 (Mo. 1986) (en banc) (reasonableness of attorneys' fees is a matter of law for determination by the Court).

Plaintiff's Complaint includes a request for prejudgment interest and the contract attached to the Complaint contains a provision for interest charges at the rate of 1.5% per month in the event of default by the buyer. Under Missouri law, prejudgment interest of nine percent per annum should be awarded where no other rate is agreed upon, if the amount owed is liquidated or readily ascertainable and a demand for payment has been made. Mo. Rev. Stat. § 408.020 (2000). Here,

4

the rate of 1.5% per month was agreed upon, the amount owed is liquidated and a demand for payment was made. In Missouri, "Awards of prejudgment interest are not discretionary; if the statute applies, the court must award prejudgment interest." Children Int'l v. Ammon Painting Co., 215 S.W.3d 194, 202 (Mo. Ct. App. 2006). In addition, statutory prejudgment interest may be included in plaintiff's PACA claim "because a PACA claim properly includes the produce and all sums owing in connection with the transaction." H.R. Bushman & Son, Corp. v. Spud Packers, Inc., 2008 WL 723707, at *5 (E.D. Mo. Mar. 14, 2008) (citing Middle Mountain Land and Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1222-23 (9th Cir. 2002)).

The Complaint states that the last invoice was dated December 10, 2012, and the contract requires payment within twenty-one (21) days from the date of the invoice. All outstanding invoices were therefore due on December 31, 2012. The 1.5% monthly interest rate on the total amount of $10,201.80, calculated between January 1, 2013 and the date of judgment, February 25, 2014, equals $2,126.10. Plaintiff is entitled to prejudgment interest in this amount.[2]

Plaintiffs are also entitled to recover their $350 costs incurred in filing this action and $50 each for service on Pelligrini, Fazio and Heath, for total costs of $500.

The total amount owed by defendants Pelligrini, Fazio and Heath to plaintiff for the amount due under the contract, together with prejudgment interest, attorneys' fees and Court costs, totals Fourteen Thousand Twenty-Seven Dollars and Ninety Cents ($14,027.90).

---

[2]The Court has independently calculated the amount of prejudgment interest and reached a different result than was requested by plaintiff in its Supplemental Memorandum. Post-judgment interest will accrue at the lower federal rate, as allowed by law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment is **GRANTED**. [Doc. 23]

An appropriate judgment will accompany this Memorandum and Order.

                                                                                 */s/ Charles A. Shaw*
                                        **CHARLES A. SHAW**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this __25th__ day of February, 2014.